UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD ANDREW BROKER,<br><br>        Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE<br>STATE OF NEVADA, *et al.,*<br><br>        Respondents. | 2:13-cv-00862-JCM-CWH<br><br>**ORDER** |

Petitioner, a Nevada state prisoner, has filed a collection of handwritten documents that purportedly form what he has styled a *pro se* emergency petition for writ of habeas corpus (ECF #1-1). He has failed to either pay the filing fee or submit an application to proceed *in forma pauperis*. Moreover, pursuant to the Rules Governing Habeas Cases, Rule 4, the court has reviewed the petition and finds that it must be dismissed with prejudice for failure to state a claim for which relief may be granted.

At the outset of the document petitioner claims that he is being forcibly drugged and signs his name as: "with Sincere Appreciation for your time, Richard The Suns God" (ECF #1-1 at 1). He identifies certain United States Attorneys whom he claims, without elaboration, are involved in "witness

1 tampering in this and other State and Federal investigations, as Well as International Hate Crimes and
2 Murder" (*id*. at 4).  Petitioner also states that he and numerous members of his carpenters' union are
3 aware of these crimes, are under subpoena by the U.N. at the Hague, and are being prevented from being
4 interviewed by Interpol.  The allegations that he sets forth are delusional and factually frivolous.
5 Accordingly, this petition must be dismissed for failure to state a claim for which relief may be granted.

6       In order to proceed with an appeal, petitioner must receive a certificate of appealability.
7 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951
8 (9th Cir.2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.2001).  Generally, a
9 petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
10 certificate of appealability.  *Id*.; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84
11 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's
12 assessment of the constitutional claims debatable or wrong." *Id*. (quoting *Slack*, 529 U.S. at 484).  In
13 order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are
14 debatable among jurists of reason; that a court could resolve the issues differently; or that the questions
15 are adequate to deserve encouragement to proceed further. *Id*.

16       Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section
17 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order
18 disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal
19 and request for certificate of appealability to be filed. Rule 11(a).  This court denies petitioner a
20 certificate of appealability.

21       **IT IS THEREFORE ORDERED** that the clerk **SHALL DETACH** and **FILE** the
22 petition for a writ of habeas corpus (ECF #1-1).

23       **IT IS FURTHER ORDERED** that this petition for writ of habeas corpus is
24 **DISMISSED with prejudice** for failure to state a claim for which relief may be granted.  No certificate
25 of appealability shall issue.

26

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT** and to close this case.

DATED May 31, 2013.

_____
UNITED STATES DISTRICT JUDGE